UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHEN MALOMAN,<br><br>     Plaintiff,<br><br>- against -<br><br><br>ZAMEER KASSAM and ZAMEER KASSAM, LLC; and DOES 1 through 10,<br><br><br>     Defendants. | Case No.: 17-cv-6531<br><br>PLAINTIFF'S COMPLAINT FOR (1) COPYRIGHT INFRINGEMENT; (2) VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT; AND (3) VIOLATIONS OF THE DIGITAL MILLENIUM COPYRIGHT ACT (17 U.S.C. §1202)<br><br>JURY TRIAL DEMANDED |

  Plaintiff, Stephen Maloman ("Plaintiff"), by and through his undersigned attorneys, hereby prays for relief based on the following:

## JURISDICTION AND VENUE

  1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

  2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

  3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that Defendant Zameer Kassam, LLC does business in this district, Defendant Zameer Kassam is authorized to do business and does do business in this district, and this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## **PARTIES**

4. Plaintiff Stephen Maloman is a professional photographer who is doing business within the state of New York.

5. Plaintiff is informed and believes and thereon alleges that Defendant Zameer Kassam, LLC is a limited liability company organized and existing under the laws of the state of Delaware and is doing business in and with the state of New York.

6. Plaintiff is informed and believes and thereon alleges that Defendant Zameer Kassam is the owner of Zameer Kassam, LLC, that he resides in New York, New York, and that he does business in and with the state of New York.

7. Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

8. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of

each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO PLAINTIFF'S PHOTOGRAPHS

9. Plaintiff is a renowned professional artist who earns his livelihood through the sale and licensing of his photographs and photography services.

10. In 2016 Plaintiff created two photographs for a wedding. These photographs (the "Subject Photographs") are the subject of this dispute. The title of the first photograph ("Subject Photo 1") is subject_photo_1.jpg. The photograph is an original photograph composed by Plaintiff. Plaintiff is the owner of the photograph, which was registered with the United States Copyright Office. A true and correct copy of Subject Photo 1 is reproduced below:



11. The title of the second photograph ("Subject Photo 2") in issue is subject_photo_2.jpg. The photograph is an original photograph composed by Plaintiff. Plaintiff is the owner of the photograph, which was registered with the United States Copyright Office. A true and correct copy of Subject Photo 2 is reproduced below:



12. Plaintiff is informed and believes and thereon alleges that Defendants own and operate a website at http://www.zameerkassam.com, where they post various videos and pictures related to the jewelry that Defendants design, advertise and sell.

13. Plaintiff's investigation revealed that Defendants, and each of them, were displaying copies of Plaintiff's Subject Photographs ("Infringing Photographs") on their website, http://www.zameerkassam.com, without Plaintiff's authorization. Defendants used the Infringing

Photographs to market and advertise Defendants' own businesses. Defendants do not have and never had authorization to use any of the Subject Photographs. A true and correct screenshot of Defendants' infringing use of the Subject Photographs on the http://www.zameerkassam.com website is reproduced below:

14. "Infringing Photographs":



### FIRST CLAIM FOR RELIEF
(For Copyright Infringement – Against all Defendants, and Each)

15. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

16. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Photographs, including, without limitation, through viewing the Subject Photographs on the World Wide Web and/or through unauthorized access to Plaintiff's secure computer files.

17. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, used and displayed the Subject Photographs on http://www.zameerkassam.com.

18. Plaintiff is informed and believes and thereon alleges that the Infringing Photographs used by Defendants and shown above, uses the same elements, composition, colors, arrangement, subject, lighting, angle, and overall appearance of the Plaintiff's Subject Photographs and are identical or at least substantially similar to Plaintiff's Subject Photographs.

19. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by copying the Subject Photographs and publishing and displaying the Infringing Photographs to the public, including without limitation, on http://www.zameerkassam.com without Plaintiff's authorization or consent.

20. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

21. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Photographs. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of his rights in the Subject Photographs in an amount to be established at trial.

22. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful,

intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make his election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF
(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)

23. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

24. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Photographs as alleged hereinabove.

25. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

26. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to his business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

27. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Photographs. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of his rights in the Subject Photographs, in an amount to be established at trial.

28. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make his election between actual damages and statutory damages.

### **THIRD CLAIM FOR RELIEF**
(For Violations of the Digital Millennium Copyright Act (17 U.S.C. §1202 – Against all Defendants, and Each)

29. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

30. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, violated 17 U.S.C. §1202 by intentionally removing and/or altering the copyright management information, in the form of metadata, on the copy of at least one Subject Photograph, and distributing copyright management information with knowledge that the copyright management information had been removed or altered without authority of the copyright owner or the law, and distributing and publicly displaying the material, knowing that copyright management information had been removed or altered without authority of the copyright owner or the law, and knowing, or, with respect to civil remedies under section 1203, having reasonable grounds to know, that the conduct would induce, enable, facilitate, or conceal an infringement of any right under this title.

31. The above conduct is in violation of the Digital Millennium Copyright Act and exposes Defendants, and each of them, to additional and enhanced common law and statutory damages and penalties pursuant to 17 USC § 1203 and other applicable law.

32. Plaintiff is informed and believes and thereon alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, and Plaintiff resultantly seeks enhanced damage and penalties.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

### Against all Defendants, and Each:

With Respect to Each Claim for Relief:

a. That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Plaintiff's copyright in the Subject Photographs, including, without limitation, an order requiring Defendants, and each of them, to remove the Infringing Photograph from any print, web, or other publication owned, operated or controlled by any Defendant.

b. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial, and, to the extent available, statutory damages as available under the 17 U.S.C. § 504, 17 U.S.C. §1203, and other applicable law.

c. That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of Plaintiff's intellectual property rights;

d. That Plaintiff be awarded his attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;

e. That Plaintiff be awarded his costs and fees under the statutes set forth above;

f. That Plaintiff be awarded statutory damages and/or penalties under the statues set forth above;

g. That Plaintiff be awarded pre-judgment interest as allowed by law;

h. That Plaintiff be awarded the costs of this action; and

i. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: August 28, 2017             Respectfully submitted:

By: /S/ Michael D. Steger
      Michael D. Steger, Esq. (MS2009)
      DONIGER / BURROUGHS
      30 Ramland Road, Suite 201
      Orangeburg, NY 10962
      (646) 517-0600
      (845) 689-2155 (fax)
      michael@donigerlawfirm.com
      Attorney for Plaintiff